1  ROSNER & MANSFIELD, LLP
   ALAN M. MANSFIELD (SBN 125998)
2  10085 Carroll Canyon Road, Suite 100
   San Diego, CA  92131
3  Tel. (858) 348-1005
   Fax (858) 348-1150
4  alan@rosnerandmansfield.com

5  PROGRESSIVE LAW GROUP, LLC
   ILAN CHOROWSKY
6  222 W. Ontario Street, Suite 310
   Chicago, IL 60610
7  Tel. (312) 787-2717
   Fax (312) 643-5894
8  ilan@progressivelaw.com

9  Attorneys for Plaintiff

10  [Additional Counsel on Signature Page]

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                    **WESTERN DIVISION**

15  ADRIENNE GREEN and RHONDA          Case No.: CV-09-00486-GAF (PLAx)
    DUNN, Individually and On Behalf of
16  All Others Similarly Situated,      **CLASS ACTION**

17           Plaintiffs,                **FIRST AMENDED COMPLAINT
                                        FOR UNLAWFUL, FRAUDULENT**
18           v.                         **OR UNFAIR BUSINESS
                                        PRACTICES; BREACH OF**
19  CANIDAE CORPORATION, and            **WARRANTIES; MONEY HAD
    SCHELL & KAMPETER, INC. D/B/A       AND RECEIVED AND UNJUST**
20  DIAMOND PET FOODS,                  **ENRICHMENT; VIOLATION OF
                                        THE CONSUMERS LEGAL**
21           Defendants.                **REMEDIES ACT;
                                        DECLARATORY RELIEF; AND**
22                                      **NEGLIGENCE**

23                                      **DEMAND FOR JURY TRIAL**

24

25        Plaintiffs Adrienne Green and Rhonda Dunn, individually and on behalf

26  of all others similarly situated, upon both personal knowledge where

27  specifically so identified and information and belief, based upon an

28  investigation by counsel, which included a review of public statements and

                                      1

information disseminated by Defendants CANIDAE Corporation and Schell & Kampeter, Inc. dba Diamond Pet Foods, Inc. ("Diamond") (collectively "Defendants") and others, including the U.S. Food and Drug Administration, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 28 U.S.C. §1332(d) (the Class Action Fairness Act), because the suit is a class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, excluding interest and costs.

2.      Venue is proper in this District under 28 U.S.C. §1391 because Defendant CANIDAE Corporation resides in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

3.      The Court also has jurisdiction over Defendant Diamond because Diamond purposefully availed itself of the benefits of the State of California by entering into agreements and business ties with CANIDAE Corporation, a corporation incorporated under the laws of California, and by being authorized to do business in California.  Furthermore, Diamond owns and operates at least one manufacturing plant in the State of California that may be used for the purpose of making and distributing CANIDAE pet food.  In addition, decisions and agreements by Defendants to perpetrate the herein alleged conduct were made or likely to have been made in the State of California; CANIDAE's offices and operations are located in this State; receipt of and responses to customer complaints about CANIDAE pet food took place in or from this State. As such, the Court's jurisdiction over the Class members and Diamond does not offend any traditional notions of fair play and substantial justice as to the claims at issue herein.

/ / /

**NATURE OF THE ACTION**

4.     This case seeks relief for pet owners who purchased CANIDAE brand pet food products designed, manufactured, marketed, distributed, labeled, promoted and/or sold by Defendants.   Defendant CANIDAE's brand is marketed and sold to consumers as a high-end, premium pet food available at specialty retail outlets.

5.     Defendants, without making full and adequate disclosure, changed the formulas of CANIDAE branded pet food products in May 2008.   In addition, as part of the reformulation, Defendants changed the composition of these pet food products, utilizing varying chemicals and additives that for various reasons, including but not limited to, deleterious enzymatic effects and other resulting negative bodily functions, also caused or can cause the injuries detailed herein, even for pets that had not previously consumed the product. This formulation change resulted in the product causing a wave of pet illnesses, requiring the expenditure of significant sums of money by consumers.

6.     Plaintiffs and a Class of similarly situated consumers have pets that have suffered severe health problems (including rectal bleeding, vomiting, diarrhea, seizures, loss of hair, liver problems, and/or internal injuries) or died after consuming one or more of the following reformulated CANIDAE pet food products on or after May 2008:

      a.     All Life Styles (ALS) Dry Formula;

      b.     Chicken & Rice Dry Formula;

      c.     Lamb & Rice Dry Formula; and

      d.     CANIDAE PLATINUM Senior and Overweight Dry Formula.

7.     Based on numerous complaints received from consumers that their pets had become ill after consuming the above products after introducing the reformulated CANIDAE pet food products, Defendant CANIDAE was aware

that these new formulas could cause digestive and gastric upset and that pets need to be acclimated to properly transition to the new formula.

8.     Defendants could have easily prevented the harm suffered by Plaintiffs and scores of other customers and their pets by providing clear and conspicuous warnings to customers about the new formula and its impacts but failed to do so, resulting in a loss of money or property to members of the proposed class.  Despite demand to do so, Defendants have failed and refused to provide corrective notice to consumers, refunds for these latently defective products, or reimbursement for the damages and expenses incurred by those consumers as a result of Defendants' conduct.

## PARTIES

9.     On personal knowledge, Plaintiff Adrienne Green is an individual and a citizen of the State of Virginia.  Plaintiff Green purchased reformulated 40 lb. bags of Lamb and Rice Dry Formula CANIDAE pet food, which Defendants designed, manufactured, marketed, distributed, labeled, promoted and/or sold based on operations in California, in July 2008 for approximately $42.00 per bag.

10.     On personal knowledge, Plaintiff Rhonda Dunn is an individual and a citizen of the State of California.  Plaintiff Dunn purchased reformulated 8 lb. bags of CANIDAE Chicken and Rice Dry Formula pet food, which Defendants designed, manufactured, marketed, distributed, labeled, promoted and/or sold based on operations in California, in or about June 2008, for approximately $14.00 per bag.

11.     Defendant CANIDAE Corporation is a corporation that is incorporated under the laws of the State of California.  CANIDAE's principal offices are located in San Luis Obispo, California, and they also maintain a primary office in Norco, California.  CANIDAE, which markets itself as "The Pillar of Nutrition," caused the CANIDAE pet food here at issue to be designed,

4

manufactured, marketed, distributed, labeled, promoted and/or sold to Plaintiffs and the Class.

12.    Defendant Schell & Kampeter, Inc. dba Diamond Pet Foods is a corporation that is incorporated under the laws of the State of Missouri. Diamond is a commercial pet food manufacturer, founded in 1970.  Diamond, working in concert with CANIDAE, caused the CANIDAE pet food to be tested, designed, manufactured, marketed, distributed, labeled, promoted and/or sold to Plaintiffs and the Class.

13.    By distributing pet food that was not merchantable and contained latent defects as a result of its reformulation, by uniformly providing misleading information about CANIDAE pet food on the product packaging, by not publicly disclosing their wrongful conduct, and by participating in a scheme to profit economically from each Defendants' individual and collective efforts to mislead consumers, each and every Defendant acted as an aider, abettor and co-conspirator of each and every other Defendant, or is obligated by law to be financially responsible for such conduct.  In engaging in the conduct alleged herein, each Defendant acted as the agent, employee, representative, partner or joint venture of each of the other Defendants in the commission of the acts alleged herein, and acted within the course and scope of its duty as such agent, employee, representative, partner or joint venturer.  The acts of each Defendant were authorized or ratified by each other Defendant, and together constitute a single and continuing course of conduct.

## FACTUAL ALLEGATIONS

### General Allegations

14.    Defendants are responsible for the formulation, testing, manufacture, distribution, marketing and/or sale of the CANIDAE brand of pet food.  Defendants market the premium-priced CANIDAE pet food as a high-end, healthy and natural type of pet food.

5

15.     Sometime before or during May 2008, CANIDAE outsourced the production of their pet food to Diamond.  Diamond is a commercial pet food manufacturer, which promotes itself as providing the highest quality pet foods and high quality nutrition.

16.     Diamond recently paid $3.1 million to settle claims that dozens of animals became sick or died from consuming pet food it manufactured, and acknowledged it had failed to follow internal testing procedures.  Diamond has also been named in other litigation for allegedly distributing harmful, tainted pet food products.  Diamond and CANIDAE were thus on notice prior to Diamond agreeing to make CANIDAE pet food that Diamond previously had suffered from significant quality control and testing issues and thus needed to be vigilant in ensuring that the pet food they were manufacturing, distributing and selling would not make consumers' pets sick.

17.     Defendants' representations on the reformulated CANIDAE pet food packaging repeatedly focus upon how their food provides wholesome nutritional benefits and "guaranteed satisfaction," and as a result had built a substantial and loyal customer base.  Defendants' CANIDAE pet food labels and packaging expressly state the pet food is "100% Nutritionally Guaranteed," "100% Satisfaction Guaranteed," and "is formulated to meet the nutritional levels established by AAFCO Dog Nutrient Profiles for All Life Stages," and further provides Defendants are "committed to excellence and providing our customer's pets with superior quality nutrition."   As detailed below, the government has recognized that the use of these words and phrases are important to consumers, and thus are objective statements of fact.

18.     In approximately May 2008, CANIDAE introduced on the market the changed formula for CANIDAE products, made Diamond the new manufacturer for CANIDAE pet food, and increased prices for the CANIDAE products.  Because the safety and health of consumers' pets were at stake,

6

Defendants had a responsibility to adequately test and prominently disclose facts regarding this reformulation and its potential adverse effects as detailed herein and/or the composition of its formula had changed, since absent such information pets may become sick if consuming this food.   However, Defendants failed to disclose such material facts to consumers, despite the significant safety and adverse health effects that could result if such information was not disclosed.  As a result, and based on the disclosures on their packaging, Defendants had a duty and were obligated to disclose such material facts.

19.    The newly reformulated CANIDAE pet food was defectively designed, tested and/or made, resulting in it being unreasonably dangerous to Plaintiffs' and Class members' pets that consume it.  Due to the composition of these products, including the use of new, substandard and/or tainted ingredients, such as rice substitutes, these products were not fit for Plaintiffs' and the Class members' intended uses in terms of safely feeding their pets, and when used, caused a significant risk of harm to consumers' pets.  Based on the numerous reports of illness, Defendants failed to conduct adequate testing to ensure this reformulation would not cause illness in the pets that consumed such products.

20.    Such defects and dangers existed in the CANIDAE pet food at the time the products left the control of Defendants.  Because Defendants failed to disclose material facts about the change in manufacture and ingredients, Plaintiffs and the Class could not have reasonably discovered such facts at the time they purchased the reformulated pet food and fed it to their pets.

21.    Defendants should have known that consumption of the reformulated CANIDAE pet food could cause illness to Plaintiffs' and the Class members' pets, including pre-existing CANIDAE pet food customers (such as Plaintiffs) who may have needed to properly transition their pets to the new formula to minimize adverse health effects.

/ / /

22.     Defendants failed to disclose this material information about the reformulated product line and its latent defects to Plaintiffs and the Class at the time of purchase.   The marketing representations on the packaging of Defendants' CANIDAE pet food purchased by Plaintiffs contained nothing indicating a change in the formula or directions as to how to properly transition pets to the new formula approved by CANIDAE and manufactured by Diamond.

23.     Beginning in or about May 2008, Defendants began to receive numerous warnings and complaints from upset pet owners whose pets' health had declined since consuming the newly reformulated CANIDAE pet food.

24.     Despite receiving these warnings and complaints, Defendants continued to manufacture, distribute, promote and sell CANIDAE pet food without fully informing Plaintiffs and the Class of the new reformulation and/or the potential adverse effects attributable thereto, disregarding the health of their customers' pets.

25.     Despite numerous customer complaints about the severe adverse health effects listed above and its awareness of the undisclosed reformulation, CANIDAE denied its pet food was the source of their customers' pet health problems and has refused to take responsibility for this problem.

26.     Defendants have also failed to adequately explain the nature of this defect, to inform pet owners at the time of purchase how to address it, or offer proper compensation, despite the fact many customers buy CANIDAE pet food in large bags designed to last for weeks and thus use this product on an ongoing basis.  In addition, to Plaintiffs' knowledge, these products have not been pulled from retailers.

27.     Pet owners such as Plaintiffs, being unaware of the material facts known exclusively to Defendants and that Defendants did not disclose at the

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT                    CASE NO. CV-09-00486-GAF (PLAX)

time of purchase (or at relevant times thereafter), purchased this premium-priced pet food.  As a result of the Defendants' acts and omissions, Plaintiffs and similarly situated pet owners have suffered injury in fact, a loss of money or property, and damages, including the cost of the CANIDAE pet food, significant veterinarian bills, and other associated costs.

28.    The FDA's Center for Veterinary Medicine has issued statements regarding the marketing of pet foods:

> The Association of American Feed Control Officials has issued a series of pet food regulations that has served as a model for State laws and regulations.  These include more specific requirements regarding product names, flavor designations, guaranteed analysis, nutritional adequacy statements, proper ingredient names, and other aspects of labeling.  The organization also provides test requirements or protocols for manufacturers so that they can meet State requirements of proof of safety and nutritional quality before a pet food is marketed.  A product clearly identified as a "snack" or "treat" does not require a nutritional adequacy statement, but it must meet the other pet food regulations.

> The Act is this country's basic food and drug law.  It defines food as "articles used for food or drink for man or other animals . . . and articles used for components of any such article."  There is no requirement that pet foods have pre-market approval by FDA.  The Act does not require that pet foods, like human foods, be pure and wholesome, contain no harmful or deleterious substances, and be truthfully labeled.  Additionally, canned pet foods must be processed in conformance with low acid canned

9

food regulations (Title 21, *Code of Federal Regulations*, Part 113, abbreviated as 21 CFR 113).

According to the FDA:

> The product name is the first part of the label noticed by the consumer, and can be a key factor in the consumer's decision to buy the product.   For that reason, manufacturers often use fanciful names or other techniques to emphasize a particular aspect.  Since many consumers purchase a product based on the presence of a specific ingredient, many product names incorporate the name of an ingredient to highlight its inclusion in the product.  The percentages of named ingredients in the total product are dictated by four AAFCO rules.

> Any claim that a product is "complete," "balanced," "100% nutritious," or similarly suggests that a product is suitable for sole nourishment that is not, in fact, nutritionally adequate is a potentially unsafe product.   For this reason, an AAFCO nutritional adequacy statement is one of the most important aspects of a dog or cat food label.  A "complete and balanced" pet food must be substantiated for nutritional adequacy by one of two means.

There are also a series of regulations regarding when companies must report illnesses attributable to pet food, as well as to improve the safety of pet food and ingredients such as referred to in the FDA Amendments Act of 2007. Based on these regulations, Defendants were under a duty to ensure these

/ / /

10

products were adequately tested and properly formulated and properly disclosed, and reports of serious illnesses fully documented and reported.

***Allegations as to Plaintiff Adrienne Green***

29.    Mrs. Green's family pets, George and Gracie, Border Collie and German Short Hair mixes, became extremely ill as a result of consuming reformulated CANIDAE dog food that Mrs. Green purchased in or about July 2008.  Plaintiff had used the same Lamb and Rice version of CANIDAE pet food prior to May 2008, without incident.

30.    Mrs. Green's pets, only shortly after consuming the reformulated pet food, both experienced loose and discolored stool, and continued to experience adverse health effects including weight loss, vomiting, bleeding, general lethargy and weeks of illness apparently attributable to consumption of the reformulated food.  Mrs. Green has incurred veterinarian bills and other expenses and damages resulting from this experience totaling several hundred dollars.

31.    On or about September 8, 2008, Mrs. Green contacted CANIDAE for an explanation why these illnesses had occurred.  In response, CANIDAE stated that the formula for CANIDAE pet food had been changed in or about May 2008, but claimed it should not have caused any problems in her dogs (despite the numerous similar complaints it had apparently received). CANIDAE did not offer to compensate her in any way for the injuries or damages she suffered, even in response to her formal demand letter sent in January 2009.

***Allegations as to Plaintiff Rhonda Dunn***

32.    Ms. Dunn's family pet, Huck, a miniature Australian Sheppard, became extremely ill as a result of consuming reformulated CANIDAE pet food that Ms. Dunn purchased in or about June 2008.  Ms. Dunn had used the original version of the Chicken and Rice CANIDAE pet food without incident.

11

33.     Huck, only shortly after consuming the food, experienced weight loss, loose and discolored stool and continued to experience adverse health effects, including loose, bloody stools, and weeks of illness due to consumption of the food.   Once Ms. Dunn switched dog food brands, Huck's symptoms disappeared.   Ms. Dunn has incurred veterinarian bills and other expenses and damages resulting from this experience, totaling several hundred dollars.

34.     Ms. Dunn complained to CANIDAE about this defect in or about August, 2008.   CANIDAE did not take responsibility for its non-disclosures or that the adverse effects detailed above were a result of consumption of the reformulated pet food, and did not compensate her in any way.

***Scores of Consumers and Their Pets Have Been Harmed***

35.     Hundreds of consumers whose pets became ill after consuming reformulated CANIDAE pet food have lodged similar complaints, describing nearly identical symptoms as those set forth above.   Some pet owners have also reported their pets died after consuming this food.

36.     Defendants have failed to make public disclosure of the full nature of the reformulation or the complaints Defendants had received, or to offer meaningful compensation (or anything at all) to Class members who suffered injuries or damages as a result of this reformulation and latent defect.

### CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action individually and as a class action under Federal Rule of Civil Procedure 23 on behalf of all persons and entities who purchased the reformulated versions of CANIDAE pet food since it came on the market in or about May 2008 (the "Class").   Excluded from the Class are the Court and Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT          CASE NO. CV-09-00486-GAF (PLAX)

38.    Plaintiffs reserve the right to amend or modify the Class definition in connection with their motion for class certification and/or the result of discovery.

39.    This class action is properly brought as a class action for the following reasons.  The Class is so numerous that joinder of the individual members of the proposed Class is impracticable.  The Class includes tens of thousands of persons geographically dispersed throughout the United States. The precise number and identities of Class members are unknown to Plaintiffs, but can be ascertained through discovery, namely using Defendants' retained records of sales and other information kept by Defendants, as well as the complaints received by CANIDAE and Diamond.

40.    Plaintiffs do not anticipate any insurmountable difficulties in the management of this action as a class action.  The Class is ascertainable and there is a well-defined community of interest in the questions of law and/or fact alleged since the rights of each Class member was violated in similar fashion based upon Defendants' misconduct.

41.    Questions of law or fact common to the Class exist as to Plaintiffs and all Class members, and these common questions predominate over any questions affecting only individual members of the Class.  Among the common questions of law and fact are the following:

a.    When Defendants decided to change the manufacture, distribution, marketing, and/or sale of CANIDAE pet food and why they decided to do so;

b.    Whether the CANIDAE pet food sold to Plaintiffs and the Class was unreasonably dangerous or unfit for consumption based upon its reformulation and thus was adulterated or contained a latent defect;

/ / /

/ / /

c.      Whether Defendants failed to properly, if at all, inform Plaintiffs and the Class about the defects and potential health and safety hazards associated with the reformulation of CANIDAE pet food;

d.      Whether Defendants made any express or implied warranties in their marketing and sale of CANIDAE pet food;

e.      Whether Defendants were unjustly enriched through the acts and practices at issue herein;

f.      The appropriate nature of class-wide equitable relief; and

g.      The appropriate measure of restitution or damages to award to Plaintiffs and the Class.

42.      Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class members.

43.      The injuries sustained by Plaintiffs and the Class members flow, in each instance, from a common nucleus of operative facts in terms of being related to Defendants' misconduct, as detailed herein.  Defendants deceived the public and its customers by selling reformulated CANIDAE pet food and not disclosing the material facts detailed herein, which directly affected the health and safety of Class members' pets.

44.      Plaintiffs' claims of purchasing the reformulated CANIDAE pet food without receiving full disclosure of the reformulation and the significant changes and adverse health effects resulting therefrom are typical of the claims of the Class members.  The defenses, if any, that will be asserted against Plaintiffs' claims are likely to be typical of the defenses that will be asserted, if any, against the Class members' claims.

45.      Plaintiffs will fairly and adequately protect the interests of the Class members.  Plaintiffs have no interests adverse to the interests of the Class members and have retained counsel with significant experience in the

/ / /

prosecution of class actions and complex litigation, including consumer litigation, and who will vigorously prosecute this action.

46.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and individual joinder of all members of the Class is impracticable, if not impossible because a large number of Class members are located throughout the United States and they would not have a particularized interest or need to individually prosecute such claims.  Moreover, the cost to the court system of such individualized litigation would be substantial.   Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would result in significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits.   By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court, protects the rights of each Class member and maximizes recovery to them.

47.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

48.    Notice of pendency of any resolution of this action can be provided to the Class members by individual mailed notice or best notice practicable under the circumstances.

## COUNT I

**Unlawful, Unfair and Fraudulent Business Practices, California Business and Professions Code §§ 17200 *et seq.***

49.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

50.    Defendants' practices as alleged in this Complaint constitute unlawful, unfair, and fraudulent business practices under the UCL, Bus. & Prof.

Code §17200, *et seq.*  Such conduct also violates other comparable state consumer protection laws, which laws do not materially conflict with Bus. & Prof. Code §17200, *et seq.*

51.    Defendants committed unlawful business practices by engaging in conduct that violates Bus. and Prof. Code §17500, *et seq.*, the California Consumers Legal Remedies Act, and any potentially applicable federal or state regulations prohibiting the sale of adulterated pet food products and/or requiring disclosure of significant reported illnesses, specifically in terms of promoting products without disclosing material facts about their formulation or other actions that directly affected the health and safety of these products and the animals consuming such products, and breached express and implied warranties.  Plaintiffs reserve the right to identify additional violations of law as further investigation warrants.

52.    Defendants committed unfair business practices by engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiffs and the Class, engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and the Class, and engaging in conduct that undermines the spirit or intent of the law, as detailed herein.  Disclosure of material facts that might affect the marketability of a product meant for consumption by pets is tethered to a legislatively declared policy as set forth in the above consumer protection laws, as well as potentially applicable federal and state laws and regulations that prohibit the sale of adulterated or unsafe pet food products or are designed to improve the safety of pet food products or require the prompt disclosure of consumer complaints involving pet illnesses.

53.    Defendants committed fraudulent business practices by engaging in conduct that was and is likely to deceive customers acting reasonably under the circumstances.  Defendants' fraudulent practices include failing to disclose

16

or concealing from Plaintiffs and from the Class at the time of sale that CANIDAE pet food as reformulated was unfit for consumption if used as recommended and thus for its intended purpose, that it was unreasonably dangerous or harmful to the health and safety of Class members' pets, and that its consumption would lead to foreseeable and significant adverse health consequences.

54.   As a result of Defendants' unlawful, unfair, or fraudulent business practices, Plaintiffs and the Class have suffered injury in fact and have lost money or property as detailed above.   Had the true facts been properly disclosed, Plaintiffs and the Class members would not have purchased these reformulated products or paid the prices that they did.

55.   The above-described unlawful, unfair or fraudulent business acts and practices engaged in by Defendants continue to this day and present a threat to the Class in that Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide the complete relief required by the statute.

56.   Pursuant to California Bus. & Prof. Code §17203 (and any other comparable statutes the Court finds applicable), Plaintiffs, individually and on behalf of the Class, seek an order from the Court prohibiting Defendants from continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint, from failing to fully disclose the true facts as set forth herein and/or ordering Defendants engage in a corrective informational campaign or appropriate declaratory or injunctive relief.

57.   Plaintiffs also seek an order from the Court requiring Defendants to provide complete equitable monetary relief, including the disgorgement and return of Defendants' ill-gotten gains and such other monies as the trier of fact may deem necessary to deter such conduct or prevent the use or enjoyment of all monies wrongfully obtained, and/or pay restitution, including the return of

17

any monies paid either directly or indirectly to Defendants that would not otherwise have been paid had the true facts been disclosed by Defendants or if they had complied with their legal obligations, plus interest thereon.  Plaintiffs also request the Court order that an asset freeze or constructive trust be imposed over all monies that rightfully belong to the Class.

## COUNT II

### Breach of Warranties

58.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

59.    As detailed above, Defendants made express warranties by the use of specific words to Plaintiffs and the Class and on its product labels or packaging.

60.    Defendants also impliedly warranted to Plaintiffs and members of the Class that CANIDAE pet food was of merchantable quality, would pass without objection in the trade or business, conformed with the representations on its packaging, and was reasonably fit for the use it was intended by Defendants, namely, for the health, safety and well-being of their family pets.

61.    Defendants' warranties became part of the basis of the bargain between Plaintiffs, the Class members and Defendants.

62.    Defendants breached their warranties by designing, manufacturing, producing, distributing and/or selling reformulated CANIDAE pet food that caused or was likely to cause illness and diminish the overall health of Class members' pets.

63.    While Defendants were already on notice of these warranty claims from the numerous complaints and inquiries they received from Class members that they failed to rectify, Plaintiffs, individually and on behalf of the Class, have provided Defendants with notice of the breach of the above warranties.

/ / /

64.     As a direct and proximate result of Defendants' breach of their warranties, Plaintiffs and the Class have suffered damages and are entitled to all appropriate relief as set forth below.

## COUNT III

### Money Had and Received and Unjust Enrichment

65.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

66.     Defendants designed, manufactured, produced, distributed and/or sold the reformulated CANIDAE pet food to Plaintiffs and the Class without prior notice or appropriate warnings.

67.     Plaintiffs and the Class conferred upon Defendants economic benefits in the form of revenues from the sale of CANIDAE pet food. Defendants accepted or retained these benefits with awareness that Plaintiffs and the Class had not received products of the quality, nature, fitness or value represented by Defendants.

68.     Allowing Defendants to retain the benefits conferred by Plaintiffs and the Class under these circumstances is unjust and inequitable.

69.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and the Class suffered injury and thus seek an order for disgorgement and restitution of Defendants' revenues, profits and other benefits from their sale of the reformulated CANIDAE pet food.

## COUNT IV

### Violation of Consumers Legal Remedies Act

70.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

71.     This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* ("CLRA").  Plaintiffs are

/ / /

consumers as defined by California Civil Code §1761(d), and Defendants' pet food products are goods within the meaning of the CLRA.

72.     Defendants violated and continue to violate the CLRA by engaging in the following deceptive practices proscribed by the California civil Code §1770(a) that constitute transactions with Plaintiffs intended to result in, and did result in, the sale of the pet food products at issue herein:

a.     Representing that the goods have characteristics, uses or benefits which they do not have (Cal. Civ. Code §1770(a)(5));

b.     Representing that the goods are of a particular standard, quality or grade if it is of another (Cal. Civ. Code §1770(a)(7));

c.     Advertising goods with the intent not to sell them as advertised (Cal. Civ. Code §1770(a)(9));

d.     Representing that the goods have been supplied in accordance with a previous representation when they have not (Cal. Civ. Code §1770(1)(16).

73.     As detailed above, Plaintiffs and the Class were damaged by the wrongful acts and practices of Defendants, in violation of California Civil Code §1781.

74.     Pursuant to Section 1782 of the CLRA, Defendants have received notice in writing by certified mail of the particular violations of Section 1770 of the CLRA.   Mrs. Green has demanded that Defendants offer to resolve the problems associated with the actions detailed above and give notice of all affected consumers of the intent to so act.   The time for CANIDAE to respond to that letter has passed without an agreement to take the action required by the CLRA on behalf of all affected consumers.   Plaintiffs have not yet heard from Defendant Diamond.

FIRST AMENDED CLASS ACTION COMPLAINT                    CASE NO. CV-09-00486-GAF (PLAX)

75.     Plaintiffs and the Class pray for relief set forth below, as appropriate under this cause of action.

## COUNT V

### Declaratory Relief

76.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

77.     An actual controversy over which this Court has jurisdiction now exists between Plaintiffs and the Class and Defendants concerning their respective rights, duties and obligations for which Plaintiffs desire a declaration of rights under the applicable claims asserted herein.

78.     Plaintiffs contend Defendants were obligated to disclose to Plaintiffs and the Class all latent defects, problems and health and safety dangers associated with CANIDAE's reformulated pet food, including any directions for treatment and avoidance of adverse health effects due to consumption of the reformulated food.

79.     Plaintiffs further contend Defendants are obligated to immediately provide notice to Plaintiffs and the Class concerning the reformulation and change in ingredients and instructions on how consumers can avoid harm to their pets.

80.     Plaintiffs request a judicial determination and declaration of the parties' respective rights, duties and obligations.

81.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their respective rights and duties.

## COUNT VI

### Negligence

82.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

21

83.   Defendants caused the reformulated CANIDAE pet food to be designed, tested, manufactured, produced, distributed, marketed and/or sold to Plaintiffs and the Class on and after May 2008.

84.   Based on the reformulation and change of manufacturer, the foreseeable adverse safety and health effects and the legal obligations imposed upon them, and Defendants' exclusive knowledge of the above-described problems based on numerous consumer complaints they received, Defendants owed a duty of reasonable care to Plaintiffs and the Class to warn and advise Class members of the reformulation and/or its potential adverse affects, and thereafter, at the time Plaintiffs and other members of the Class contacted Defendants with complaints about adverse effects from their dogs' consumption of the food, to advise them of the true facts.

85.   Defendants also had a duty to adequately design, manufacture, test, market, distribute, label, promote, and/or sell reformulated CANIDAE pet food that was safe, fit for consumption, fit for its intended purpose, not unreasonably dangerous or harmful, and did not lead to foreseeable adverse health consequences of consumption.

86.   Defendants breached their above duties to Plaintiffs and other members of the Class as more fully set forth above, proximately causing damage to Plaintiffs and members of the Class as a result thereof, including significant veterinary bills, injury to their pets and related costs, which is damage other than the direct cost of the defective pet food here at issue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for judgment against Defendants, and each of them, jointly and severally, as follows:

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT          CASE NO. CV-09-00486-GAF (PLAX)

1.     That this action be certified as a class action under Federal Rule of Civil Procedure 23, designating Plaintiffs Green and Dunn as class representatives and their counsel as class counsel;

2.     Awarding declaratory, equitable and injunctive relief consistent with applicable law and as detailed above, including enjoining Defendants from continuing the acts and practices set forth above, and ordering Defendants to pay restitution and disgorgement of all monies wrongfully acquired as a result of the acts and practices detailed herein, and requiring them to engage in a corrective informative campaign;

3.     Awarding compensatory, statutory and exemplary damages in an amount to be proven at trial (except as to the CLRA claim as to Defendant Diamond, as Plaintiffs do not seek such relief from Diamond at this time, but reserve the right to do so after the time for Diamond to respond to Plaintiffs' CLRA demand letter has passed);

4.     Awarding all costs and expenses incurred in prosecuting this action, including reasonable attorneys' fees and costs;

5.     Awarding prejudgment and post-judgment interest; and

6.     Any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED:  March 23, 2009          ROSNER & MANSFIELD, LLP

                                     By:   S/Alan M. Mansfield
                                         ALAN M. MANSFIELD
                                       alan@rosnerandmansfield.com

                                     10085 Carroll Canyon Road, Suite 100
                                     San Diego, CA  92131
                                     Tel. (858) 348-1005
                                     Fax (858) 348-1150

1

DOYLE LOWTHER LLP
WILLIAM J. DOYLE II

2

bill@doylelowther.com
9466 Black Mountain Road, Suite 210

3

San Diego, CA 92126
Tel. (619) 573-1700

4

Fax (619) 573-1701

5

PROGRESSIVE LAW GROUP, LLC
ILAN CHOROWSKY

6

ilan@progressivelaw.com
222 W. Ontario Street, Suite 310

7

Chicago, IL 60610
Tel. (312) 787-2717

8

Fax (312) 787-2617

9

PROGRESSIVE LAW GROUP, LLC
FRANK JABLONSKI

10

frankj@progressivelaw.com
354 West Main Street

11

Madison, WI 53703
Tel. (608) 258-8511

12

Fax (608) 442-9494

13

ANIMAL LAW CENTER LLC
JENNIFER REBA THOMAIDIS

14

jrt@theanimallawcenter.com
4465 Kipling Street, Suite 108

15

Wheat Ridge, Colorado 80033
Tel. (877) PETLAW1

16

Fax (303) 322-4354

17

Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

24